REQUESTED BY: Senator William E. Nichol Nebraska State Legislature 2101 State Capitol Lincoln, Nebraska 68509
Dear Senator Nichol:
This is in response to your request for an opinion received by this office on March 12, 1984, without an indication that it was for a legislative purpose, and your later renewal of that request emphasizing the legislative purpose connected in part with LB 744, received March 21, 1984.
Your questions all pertain to that portion of the statute authorizing political subdivisions to conduct a lottery which is contained in § 28-1116 (Reissue 1979) as follows:
 No county, city, or village shall establish and conduct such a lottery until such course of action has been approved by a majority of the registered voters of such county, city, or village casting ballots on the issue at a regular election or a special election called for the purpose of considering such action.
Your questions and our response will be set forth in the order submitted.
(1) Is there any provision in the Constitution or laws of Nebraska which would prohibit the voters by initiative petition or the governing body of a political subdivision from placing on the ballot the question of whether the authority to conduct a lottery shall continue?
Actually there are two parts of this question. The first part is whether the constitution or laws of Nebraska prohibit the voters by initiation petition from placing on the ballot the question of whether the authority to conduct a lottery shall continue.
As you know the power of initiative and referendum reserved to the voters is very extensive.
Article III, Section 2 of the Nebraska Constitution provides in part:
 The first power reserved by the people is the initiative whereby laws may be enacted and constitutional amendments adopted by the people independently of the Legislature. . . The constitutional limitations as to the scope and subject matter of statutes enacted by the Legislature shall apply to those enacted by the initiative.
In Klosterman v. March, 180 Neb. 506, 143 N.W.2d 744
(1966), the Supreme Court of Nebraska in discussing this power said:
 The initiative is in no sense limited as to the time of its exercise. Neither are initiated laws limited to matters on which the Legislature has not acted. By the initiative process, the people may amend or even expressly repeal laws already enacted by the Legislature. By the referendum, the people may also reinstate an act which the Legislature has expressly repealed.
From the foregoing, there can be no doubt that insofar as the power of the voters state-wide, that § 28-1116 (Reissue 1979) could be amended or repealed, or that an entirely new act could be substituted by the voters by the use of the initiative or referendum, as the case may be.
The authority of the voters of a governmental subdivision to exercise initiative and referendum as to city measures, which include ordinances and resolutions, is contained in § 18-2501 (Supp. 1982) et seq.. Section 18-2501 provides:
 (1) The powers of initiative and referendum are hereby reserved to the qualified electors of each municipal subdivision in the state. Sections 18-2501 to 18-2537 shall govern the use of initiative to enact, and the use of referendum to amend or repeal measures affecting the governance of all municipal subdivisions in the state, except those operating under home rule charter and as specified in section 18-2537.
 (2) Cities operating under home rule charter shall provide, by charter provision or ordinance, for the exercise of the powers of initiative and referendum within the cities. Nothing in sections 18-2501 to 18-2537 shall be construed to prevent such cities from adopting any or all of the provisions of sections 18-2501 to 18-2537.
Thereafter follows sections outlining the procedure for enacting ordinances by the people.
Since § 28-1116 (Reissue 1979) only provides for authorizing a lottery by the vote of the people of the governmental subdivision involved, but is silent as to withdrawing such authority, it is our opinion that the specific authorization given in § 18-2501 et seq. to enact measures by referendum, would give the voters the authority to enact a measure which could, in effect, withdraw the authority of the governmental subdivision to conduct a lottery. There is no conflict between such action and the legislative authorization in § 28-1116, quoted above. The initial approval of a lottery by the voters is usually not an initiative procedure. It is a specific issue which may be put on the ballot by the governing body. We know of no exceptions. No question arises as to time limitations in the statutes governing reconsideration of initiative and referendum proposals by governmental subdivisions.
The second part of your first question relates to the authority of the governing body of a political subdivision to place on the ballot the question of whether the authority to conduct a lottery should continue.
We find no statutory authority for placing such an issue on the ballot except by the initiative petition method discussed above.
(2) May the governing body of a political subdivision which is operating a lottery discontinue the lottery without first obtaining the approval of the voters?
Yes, for the same reasons discussed above as to the authority of the voters.
We know of no restriction on the governing body from considering this issue. Section 58, Initiative and Referendum, 42 Am.Jur.2d, states in part:
 Generally, initiated or referred measures can be amended or repealed. In the absence of constitutional or charter provisions, one view is that the legislative body may amend or repeal an enactment by the people.
As this section points out, however, there are courts which take the position that only the people may repeal or amend such measures in the absence of specific statutory authority.
The Nebraska Supreme Court has stated as to the Legislature in this regard:
 Under Nebraska constitutional provisions vesting the legislative power of the state in the Legislature, but reserving to the people the right of initiative and referendum, the Legislature, on the one hand, and the electorate on the other, are coordinate legislative bodies, and there is no superiority of power between the two. In the absence of specific constitutional restraint, either may amend or repeal the enactments of the other.
Klosterman v. Marsh, 180 Neb. 506, 511, 143 N.W.2d 744
(1966). We feel it would take the same position as to governmental subdivisions.
(3) May a political subdivision when initially seeking voter approval to conduct a lottery frame the ballot question in such a manner to provide that the authority, if approved, shall exist for a fixed term of time the expiration of which will require that the question again be placed before the voters in order to continue the authority to conduct a lottery?
Yes. The provision of § 28-1116 (Reissue 1979) permitting the voters of the governmental subdivision to authorize a lottery is a grant by the Legislature of an exception to the general gambling laws. Without this exception, the conduct of a lottery by a governmental subdivision would be illegal. The exercise of a limitation upon this exception by the voters of a governmental subdivision, as you suggest in your question, is in no way contrary to the grant of the Legislature in § 28-1116 and is, in our opinion, within the initiative power reserved to the people discussed above.
As is frequently true in so many cases, an express provision in the statutes of what you wish to accomplish, may save time and expense in legal disagreements over these questions.
Very truly yours, PAUL L. DOUGLAS Attorney General Mel Kammerlohr Assistant Attorney General